UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DOUGLAS M. FLYNN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00207-JMS-MJD |
| | ) | |
| BRIAN  SMITH *Superintendent of Operations*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Douglas Flynn for a writ of habeas corpus challenges a prison disciplinary proceeding in ISF15-03-0557 in which he was found guilty of unauthorized possession and/or use of a controlled substance. For the reasons explained in this entry, Flynn's habeas petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On March 19, 2015, Internal Affairs Officer D. Wire issued a Report of Conduct charging Flynn with use of a controlled substance. The Report of Conduct states:

> On March 19, 2015 I (D. Wire) received the Conf[i]rmation of the urinalysis drug screen report on Offender Douglas Flynn #931184. The test results state that Offender Flynn did in fact have a controlled substance present in his urine screening. Offender Flynn tested positive for Buprenorphine and Borbuprenorphine (Suboxone), Codeine, Hydrocodone, and Morphine.

Flynn was notified of the charge on March 24, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Flynn did not want to call any witnesses and that he requested the video from the time the specimen was taken. A summary of the video was prepared and stated, "On 3/04/15 at approx. 2000 hours Sgt. Thompson gave Offender Douglas Flynn #931184 the urine cup. Offender Flynn piss [sic] in cup and places it on the port. Sgt. Thompson comes over and starts reading the cup. Offender Flynn placed the lid on the cup also."

The Hearing Officer conducted a disciplinary hearing on March 26, 2015. The Hearing Officer noted that Flynn stated, "I don't get high, I think there is a mixup[.] In 20 yrs I do not have a dirty drop. Takes meds that could possibly create false positive" (capitalization modified). The sanctions included a written reprimand, a 30-day phone restriction, restitution, the loss of 30 days of earned credit time, and the imposition of a suspended sentence in ISF 15-01-0214 consisting of a 60-day loss off earned credit time. The Hearing Officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation endangered the security of the facility.

Flynn's appeals were denied and he filed the present petition for a writ of habeas corpus.

## III. Analysis

Flynn alleges that his due process rights were violated during the disciplinary proceeding. He argues that Indiana Department of Correction ("IDOC") policy was violated in various ways and that there were irregularities with the chain of custody process for the specimen.

### A. *IDOC Policy*

Flynn argues that IDOC policy regarding the chain of custody of the sample and regarding the taking of video of him providing the sample was violated. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). The process due here is measured by the Due Process Clause of the United States Constitution, not the internal policies of the prison. *See Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) ("[R]egardless of state procedural guarantees, the only process due an inmate is that minimal process guaranteed by the Constitution."); *see also Brown v. Rios*, 196 Fed.Appx. 681, 683 (10th Cir.2006) (unpublished) (same). Flynn therefore has not shown that his due process rights were violated merely through the alleged violation of prison policy.

### B. *Chain of Custody*

Flynn also argues that the chain of custody of the urine sample was not sufficiently established because the seal of the sample was not signed and because the laboratory did not sign the chain of custody certification. This argument can be understood as an argument that the evidence was insufficient to support his disciplinary conviction. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v.*

*McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

Flynn has identified no irregularity in the chain of custody sufficient to call into question the disciplinary conviction. The evidence in the expanded record, as supplemented, shows that the sample was collected and assigned an identification number, that Flynn acknowledged that the specimen was collected properly, that the officer who collected the sample certified that it was provided by Flynn, and that the sample that was tested had the same identification number as the sample that Flynn provided. There is no indication that the lab reached an incorrect result. This is sufficient to satisfy the "some evidence" standard. The fact that the seal of the sample was not initialed or that the lab did not sign certain paperwork does not detract from this conclusion. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (finding "two omissions in the documentary trail as significant, but not so material as to preclude prison officials from relying on the documents as evidence").

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceedings. Accordingly, Flynn's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: <u>June 10, 2016</u>

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Douglas M. Flynn
#931184
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135